MUNROE *v.* COLLING.

EXECUTION — CONVERSION—CHATTEL MORTGAGES—BONA FIDE PUR-
CHASER.

> Where, in an action against the sheriff and his bondsmen
> for the conversion of personal property sold under execu-
> tion, title to which was retained in the vendor and assigned
> to plaintiff, there was no proof that the judgment debtor
> was a purchaser of the property in good faith and for a
> valuable consideration, within the meaning of 3 Comp.
> Laws 1915, § 11988, a judgment in favor of plaintiff was
> justified.

Error to Tuscola; Smith (Guy E.), J., presiding. Submitted January 13, 1928; resubmitted March 27, 1928. (Docket No. 22.)    Decided June 4, 1928.

Case by Etta Munroe against Jay A. Colling and others for conversion of certain personal property. Judgment for plaintiff.    Defendants bring error.    Affirmed.

*Frank G. Millard,* for appellants.

*Willard J. Nash,* for appellee.

POTTER, J.    Prior to 1925, William Mergeon and Maude Mergeon, his wife, owned a farm in Tuscola county and considerable personal property.    They sold the farm and personal property to Frank Fleisher, Frank Fleisher, Jr., Lillian Judd, and Fred Judd for $16,000.    The vendors, by the contract, retained title to the personal property; $3,000 was paid down.    The contract provided for annual payments of $200 or more.    When the principal was reduced to $10,000 the vendors were to release the title to the personal property.    Plaintiff traded a rooming house in Saginaw

Sheriffs and Constables, 35 Cyc. p. 1998.

for the farm and personal property which had already been sold on the contract above mentioned.    At the time plaintiff purchased the land, William Mergeon and Maude Mergeon, the vendors in the contract, assigned and transferred to her all of their interest in the contract in question.    J. W. Saylor owed Jesse Lamos, who sued Saylor and recovered a judgment. Lillian Judd, Floyd Judd, Frank Fleisher, and Frank Fleisher, Jr., transferred their interest in the land contract to Saylor, who obtained for a nominal consideration a bill of sale of the personal property executed by Frank Fleisher and Frank Fleisher, Jr.

In March, 1926, plaintiff heard the stock and tools had been removed from the farm.    She visited it and found a notice of sheriff's sale of personal property posted on the premises.    Defendant Colling was sheriff of Tuscola county.    The other defendants were his bondsmen.    The personal property was subsequently sold in bulk for $1,000 by the sheriff under execution issued from the circuit court of Genesee county in the suit of Lamos against Saylor.    Plaintiff brought suit in trespass on the case against the sheriff and his bondsmen for the conversion of the personal property.    There was verdict for plaintiff of $1,600. A motion was made by defendants for judgment notwithstanding the verdict.    This motion was denied and a judgment rendered for plaintiff.    A motion was made by defendants for a new trial.    This was denied.    Saylor was a race-horse trainer with no particular place of residence.    He was not a witness on the trial.    There is no proof he was a purchaser in good faith for a valuable consideration, within the meaning of section 11988, 3 Comp. Laws 1915.    There was ample proof to sustain the judgment.

It is affirmed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, MCDONALD, and SHARPE, JJ., concurred.